SOUTHERN NEVADA LIFE UNDERWRITERS ASSOCIATION, APPELLANT, v. CITY OF LAS VEGAS, NEVADA, A MUNICIPAL CORPORATION, RESPONDENT.

No. 4042

May 26, 1958. 325 P.2d 757.

*Goldwater and Singleton,* of Las Vegas, for Appellant.

*Howard W. Cannon* and *Ralston O. Hawkins,* of Las Vegas, for Respondent.

## OPINION

By the Court, EATHER, J.:

This is a suit for declaratory relief. Appellant as plaintiff seeks to establish that the Las Vegas city code, chap. 17, sec. 12 (as amended by city ordinance No. 715), requiring payment of $20 semiannually for a business license is invalid so far as concerns insurance underwriters. Judgment in favor of the city was rendered by the court below upon the pleadings. This appeal is from that judgment.

Appellant contends that the city is precluded from levying a license fee by virtue of statutory provision to that effect. NRS 686.020 provides for the fees to be charged by the insurance commissioner. Subsection 2 provides, "The possession of a license, under the provisions of this Title [57] shall be authorization to transact such business as shall be indicated in such license and shall be in lieu of all licenses required to solicit insurance business within the State of Nevada."

The charter of the City of Las Vegas, 1954–1955 Statutes of Nevada, chap. 152, sec. 31, provides, "The Board of Commissioners shall have the power: * * * 8. To raise revenue by levying and collecting a license fee or tax on any private corporation or business within the limits of the city, and to regulate the same by ordinance. All such licenses, fees, and taxes shall be uniform in respect to the class upon which they are imposed."

Pursuant to this charter provision the code provision in question was enacted.

The sole question upon this appeal is whether the statutory provision of NRS precludes the imposition of the charge imposed by the city ordinance.

It is clear that the state regulation is in the exercise of police power and that the license is provided to establish that the licensee has met the qualifications fixed by statute for those who engage in the insurance business. Chapter 684 NRS sets forth the state requirements relative to residence, integrity and experience. A written examination is required. The state charges no fee or tax personal to the solicitor or underwriter for his engaging in business. The only fee (other than the examination fee) is to cover administrative costs—a $2 charge for issuance of the license.

The city charge, on the other hand, is as clearly a tax for revenue purposes. No attempt is made to regulate or to establish qualifications for engaging in the insurance business or the manner in which one should conduct his business operations.

In McQuillan on Municipal Corporations, Vol. 9, sec. 26.15, page 26, it is stated, "Consistently, municipal

police power to regulate and license as a mode of regulation is to be distinguished from municipal power to license for revenue. On the one hand, a tax that is not in any sense regulatory and is imposed expressly for general revenue purposes is not a license tax. A so-called license fee or tax imposed for revenue is in truth a tax and not a license exaction under the police power." In sec. 26.16 of the same work it is stated, "Various factors bear on the matter whether a particular exaction is a licensing fee for regulation or a tax for revenue. In general, the nature and purpose of an ordinance imposing an exaction and the nature and purpose of the charter provision or statute authorizing the ordinance will determine the character of an exaction in this respect. Thus, a declared or obvious purpose to regulate tends to establish an exaction as a purely licensing and regulatory fee. But an ordinance having no provisions for regulation and imposing an exaction is a tax ordinance designed to raise revenue. When levied for revenue alone, so-called license fees or license taxes are revenue taxes * * * ."

To the same effect is Lamere v. City of Chicago, 391 Ill. 552, 63 N.E.2d 863, 866, where it is stated, "The two powers are separate and distinct, and controlled by different principles. The two powers are for different governmental purposes. Either may be exercised by exacting a license fee. * * * The purpose for which the police power may be exercised is for the protection of the lives, health, morals, comfort and quiet of all persons and the protection of property within the State, and a statute or ordinance enacted under such power must be designed to prohibit or regulate those things which tend to injure the public in such matters. On the other hand, an ordinance which provides for a license and the payment of a license fee without regulatory provisions of any kind is solely a revenue measure and not within the police power. * * * "

We conclude that the word "licenses" in NRS 686.020 must be construed to refer to the true regulatory license, since that is the only form of license with which the

state is concerned in Title 57 NRS. Under this construction the statute does not preclude Las Vegas from the exercise of its power to raise revenue by levying and collecting a tax upon business.

Affirmed.

BADT, C. J., and MERRILL, J., concur.